Filed 6/15/21  P. v. Siqueros CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B305887 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA010224) |
| v. | |
| MICHAEL SIQUEROS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Juan Dominguez, Judge.  Reversed with directions.

Robert E. Boyce, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan-Pithey, Senior Assistant Attorney General, Charles Lee and Colleen M. Tiedemann, Deputy Attorneys General, for Plaintiff and Respondent.

# I.    INTRODUCTION

Defendant and appellant Michael Siqueros appeals from the trial court's denial of his Senate Bill No. 1437 (Senate Bill 1437) and Penal Code section 1170.95[1] petition for resentencing.[2] We reverse with directions.

# II.    BACKGROUND

In 1992, a jury convicted defendant and his codefendant Conrad Estrada of first degree murder (§ 187, subd. (a)), robbery (§ 211), and burglary (§ 459).  The jury found true as to both defendants the special circumstance allegations that the murder was committed during the commission of a robbery (§ 190.2,

---

[1]    All further statutory references are to the Penal Code.

[2]    One of the headings in the argument section of defendant's opening brief suggests that he also appeals from the trial court's denial of his motion for pretrial discovery.  Defendant fails, however, to make any argument concerning the trial court's ruling and has thus forfeited the issue on appeal.  (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862 ["Appellate briefs must provide argument and legal authority for the positions taken.  'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived'"]; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 ["We are not bound to develop appellants' argument for them.  [Citation.]  The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived"].)

subd. (a)(17)(i)) and a burglary (§ 190.2, subd. (a)(17)(vii))[3] and true as to Estrada and not true as to defendant the allegation that each personally used a deadly and dangerous weapon—a knife—during the commission of the felonies (§ 12022, subd. (b)). The trial court found true the allegation that defendant had suffered two prior serious felony convictions. (§ 667, subd. (a).) It sentenced defendant to life in state prison without the possibility of parole plus 10 years. A prior panel of this division affirmed defendant's conviction. (*People v. Estrada* (1994) 38 Cal.App.4th 1052, 1064.) The Supreme Court granted defendant's petition for review, and also affirmed his conviction. (*People v. Estrada* (1995) 11 Cal.4th 568, 581–582.)

On February 28, 2019, defendant filed a petition for resentencing pursuant to section 1170.95 and requested the trial court appoint counsel to represent him. In his petition, defendant declared that he was convicted of first degree felony murder and could no longer be convicted of that offense due to the January 1, 2019, changes to section 189 because he was not the actual killer; he did not, with the intent to kill, aid and abet in the murder; he was not a major participant in the felony or act with reckless indifference to human life in the course of the felony; and the murder victim was not a peace officer performing his duties or defendant was not reasonably aware the victim was a peace officer performing his duties. The court appointed the Los Angeles County Public Defender's Office to represent defendant.

---

[3]   The robbery special circumstance is now subdivision (a)(17)(A) and the burglary special circumstance is now (a)(17)(G).

On July 1, 2019, the Los Angeles County District Attorney's Office filed its response to defendant's section 1170.95 petition. The Public Defender's Office filed defendant's reply on August 7, 2019.

On February 25, 2020, defendant filed a motion for pretrial discovery of *Pitchess*[4] and *Brady*[5] material. On March 13, 2020, the El Monte Police Department filed its opposition to defendant's motion for pretrial discovery. On March 20, 2020, the trial court denied defendant's motion, ruling that the motion was premature as it had not yet ruled on defendant's section 1170.95 petition.

On March 24, 2020, the trial court issued its memorandum of decision denying defendant's section 1170.95 petition without issuing an order to show cause or holding a hearing, ruling that defendant had failed to make a prima facie case for section 1170.95 relief. The court stated that defendant "was convicted of one count of First Degree Murder under a Felony Murder Rule theory. . . . [Defendant] was not the actual killer." (See *People v. Estrada, supra*, 38 Cal.App.4th at p. 1064 [defendant "was charged with and tried for first degree felony murder based on his participation in the burglary and robbery of [the] victim . . . , which resulted in [the victim's] death"]; *People v. Estrada, supra*, 11 Cal.4th at p. 572 ["At trial, evidence was introduced that defendant was not the actual killer"].)

The trial court noted that defendant's jury had been instructed with that part of CALJIC No. 8.80.1—the special circumstance instruction—that concerns accomplice liability.

---

4       *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

5       *Brady v. Maryland* (1963) 373 U.S. 83.

According to the court, the jury was instructed that "a major participant who acted with reckless indifference for human life could be held liable for [a] death even if not the actual killer."[6] Both this court and the Supreme Court had affirmed the jury's verdict, holding that the jury instructions properly defined "reckless indifference to human life."

After the Supreme Court's opinion in this case, the trial court noted, the Supreme Court decided *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) which provided factors to consider in determining whether a defendant, who was not the actual killer, was a major participant in a special circumstance felony murder case and, if so, whether the defendant acted with reckless indifference to human life. The court then reviewed the evidence from defendant's trial to determine whether defendant was a major

---

[6] Specifically, "the trial court gave the portion of CALJIC No. 8.80.1 that tracks the language of section 190.2, subdivisions (c) and (d), pertaining to accomplice liability. The jury was charged as follows: 'If you find that a defendant was not the actual killer of a human being, or if you are unable to decide whether the defendant was the actual killer or an aider and abettor, you cannot find the special circumstance to be true as to that defendant unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested or assisted any actor in the commission of the murder in the first degree, or with *reckless indifference to human life* and as a major participant aided, abetted, counseled, commanded, induced, solicited, requested or assisted in the commission of the crime of . . . section 190, subdivision (a), subdivision (17), which resulted in the death of a human being, namely, [the victim].' (Italics added.)" (*People v. Estrada, supra*, 11 Cal.4th at p. 573.)

participant who acted with reckless indifference to human life as provided in *Banks* and *Clark*, and thus was ineligible for section 1170.95 relief.  It found:

"The evidence presented in this case established that [defendant] and his co-defendant spoke to the victim outside of his home.  After the victim went inside, they sat in a moving van for approximately ten minutes.  The reasonable inference is that they were ***planning*** the burglary/robbery of the victim.  Both perpetrators then entered the home *together, by jumping the fence and entering the home through the front door.*  Immediately, crashing noises were heard from the interior of the home for approximately 10-minutes.

"The uncontroverted evidence is that both perpetrators *knew* that the house was occupied by the victim at the time they jumped the fence and entered the home.  Knowingly trespassing and entering an occupied home without permission, *posed a particular danger* that both perpetrators must have been aware of.  It is certainly foreseeable that the person occupying the home will defend their home as best they can, including but not limited to, the use of deadly force.

"Based on the evidence presented at trial, [defendant] was present in the home when the victim and the co-defendant were fighting.  The victim indicated that two individuals were involved in the attack.  The neighbor testified that the commotion inside the home lasted for approximately ten minutes.  Presence at the scene of a murder is a particularly important aspect of the reckless indifference inquiry.  (*Clark, supra*, 63 Cal.4th at [p.] 619.)  The noises coming from the house w[ere] so loud that they could be heard by the neighbor.  The reasonable inference is, at the very least, that [defendant] knew that the victim was

fighting for his life. He was therefore present when the co-defendant stabbed the victim multiple times. [Defendant] did nothing to stop the attack or to render aid to the critically injured victim. He did not call for help. Instead, after the victim was incapacitated, he and his co-defendant took his TV, placed it on a fence outside and returned to the residence to continue taking the victim's possessions.

"When the police arrived, [defendant] did not immediately surrender, or indicate to the police that there was a critically injured man inside the home who required medical assistance. Instead, in the presence of the police, he attempted to remove a rifle from [its] case, *thereby creating another life-threatening situation.* He then ran back inside the home, causing additional delays in providing aid to the victim."

The trial court found that defendant's conduct satisfied the *Banks* and *Clark* factors. That is, defendant was a major participant who acted with reckless indifference for human life. Accordingly, he could be convicted of murder under existing law and therefore had failed to make a prima facie case for section 1170.95 relief.

The trial court also "formally" denied defendant's motion for pretrial discovery. It stated that it earlier denied the motion without prejudice because the motion was premature as it had not yet decided whether defendant's section 1170.95 petition made a prima facie case for relief. It explained that if it had found that defendant made a prima facie case for section 1170.95 relief and if it had issued an order to show cause and conducted an evidentiary hearing, then defendant could have renewed his discovery motion. Without an order to show cause or an evidentiary hearing, defendant's discovery motion was moot.

7

The trial court rejected defendant's argument that his discovery motion could be useful to the court's prima facie case determination. It reasoned that the information defendant sought had little or no bearing on whether he was a major participant who acted with reckless indifference to human life. The information he sought was only relevant to whether defendant was the actual killer and the jury determined that he was not.

## III. DISCUSSION

A. *Senate Bill 1437's Amendments to Sections 188 and 189 and Addition of Section 1170.95*

"Through section 1170.95, Senate Bill 1437 created a petitioning process by which a defendant convicted of murder under a felony murder theory of liability [or the natural and probable consequences doctrine] could petition to have his conviction vacated and be resentenced. Section 1170.95 initially requires a court to determine whether a petitioner has made a prima facie showing that he or she falls within the provisions of the statute as set forth in subdivision (a), including that '(1) [a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[,] [¶] (2) [t]he petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[, and] [¶] (3) [t]he petitioner could not be convicted of first or second degree

8

murder because of changes to [s]ection[s] 188 or 189 made effective January 1, 2019.' (See § 1170.95, subd. (c); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 327 . . ., review granted Mar. 18, 2020, [S260493 (*Verdugo*)].) If it is clear from the record of conviction that the petitioner cannot establish eligibility as a matter of law, the trial court may deny the petition. (*Verdugo*, [*supra*, 44 Cal.App.5th] at p. 330.) If, however, a determination of eligibility requires an assessment of the evidence concerning the commission of the petitioner's offense, the trial court must appoint counsel and permit the filing of the submissions contemplated by section 1170.95. (*Verdugo*, [*supra*, 44 Cal.App.5th] at p. 332; [*People v.*] *Lewis* [(2020)] 43 Cal.App.5th [1128,] 1140, rev[iew] granted [Mar. 18, 2020, S260598].)" (*People v. Smith* (2020) 49 Cal.App.5th 85, 92, review granted July 22, 2020, S262835, fn. omitted (*Smith*).) "If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

B.    *Analysis*

Defendant contends the trial court erred in denying his section 1170.95 petition without issuing an order to show cause and holding a hearing. Instead, the court improperly engaged in factfinding in ruling that he did not make a prima facie case for section 1170.95 relief.

Because the record affirmatively demonstrates that defendant was tried on a felony murder theory of guilt, the record shows that defendant could have been convicted under a theory of murder that is no longer viable under the revisions to sections

9

188 and 189.  Accordingly, the trial court should have issued an order to show cause and erred when it prematurely engaged in factfinding to determine whether defendant made a prima facie case for section 1170.95 relief.  (*Verdugo, supra*, 44 Cal.App.5th at p. 329 [when evaluating a section 1170.95 petitioner's eligibility under subdivision (c), the court must make "all factual inferences in favor of the petitioner"].)  Therefore, the order denying defendant's petition must be reversed and the matter remanded to the trial court with directions to issue an order to show cause and hold a hearing under section 1170.95, subdivision (d).

## IV.    DISPOSITION

The order denying defendant's section 1170.95 petition is reversed and the matter is remanded to the trial court with directions to issue an order to show cause and hold a hearing under section 1170.95, subdivision (d).

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

BAKER, Acting P. J.

MOOR, J.

11